IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WM. K. SONNY WAIALEALE, a under-signed Living Descendent(s) of My/Our Amcestor(s) [sic], the Original Inhabitant(s) with the Koko (Blood) born upon My/Our Private Insular Communal Lands of Atuai (atooi-kauai) and its adjoining islands of Oneeheow (niihau) and Paa Keia (papahanamokuakea, the encompassing Northwestern Islands as attached for two Millenium,<br><br>　　　　　Plaintiff(s),<br><br>　vs.<br><br>The offices of the U.S. Magistrate(s) et al.<br><br>　　　　　Defendants. | CIV. NO. 11-00407 JMS/RLP<br><br>ORDER DISMISSING COMPLAINT |

**ORDER DISMISSING COMPLAINT**

**I. INTRODUCTION**

On June 23, 2011, Plaintiff Wm. K. Sonny Waialeale, as "a under-signed Living Descendent(s) of My/Our Amcestor(s) [sic], the Original Inhabitant(s) with the Koko (Blood) born upon My/Our Private Insular Communal Lands of Atuai (atooi-kauai) and its adjoining islands of Oneeheow (niihau) and Paa Keia (papahanamokuakea, the encompassing Northwestern Islands as attached

for two Millenium," ("Plaintiff") filed a Complaint naming as Defendants "the office(s) of the U.S. Magistrate(s) and the office(s) of the U.S. federal district judge(s) of the U.S. Federal District Court for the district of hawaii adopted by U.S. Pub. L. 99-239, fraudulently using U.S. Federal Rules of Civil Procedure(s) of a U.S. Article III Court against Complainant(s), without legal U.S. Jurisdiction of Law within these British created native hawaiian court(s) . . . ."

Upon *sua sponte* review, the court DISMISSES the Complaint for failure to comply with Federal Rules of Civil Procedure 8 and 12(b)(6). Because this action is wholly frivolous and Plaintiff may not state a claim against the U.S. courts, this dismissal is with prejudice.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the court liberally construes his pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Nevertheless, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. California*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."). Additionally, a complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed *sua sponte*. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements.").

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the

complaint -- "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 1950.

The court may also dismiss a complaint *sua sponte* for failure to comply with Federal Rule of Civil Procedure 8. Rule 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and

clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

Put differently, a district court may dismiss a complaint for failure to comply with Rule 8 where the complaint fails to provide defendants with fair notice of the wrongs they have allegedly committed. *See McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S. Ct. at 1949 (citations and quotations omitted). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at 1179.

///

///

## III. DISCUSSION

The Complaint, although not clear whatsoever, appears to assert that Hawaii is not a state of the United States such that the U.S. District Court of the District of Hawaii has no jurisdiction to enter any orders and/or apply the laws of the United States in Hawaii. As a result, the Complaint alleges that various court actions are illegal and/or improper. The Complaint further asserts that the State of Hawaii has issued birth certificates, which are fraudulent given that Hawaii is not a state of the United States.

These allegations are frivolous for at least two reasons. First, to state the obvious, Hawaii is a state of the United States such that Plaintiff's allegations, all based on the assertion that Hawaii is not a state of the United States, fail as a matter of law. The Ninth Circuit, this court, and Hawaii state courts have all held that the laws of the United States and the State of Hawaii apply to all individuals in this State. *See United States v. Lorenzo*, 995 F.2d 1448, 1456 (9th Cir. 1993) (holding that the Hawaii district court has jurisdiction over Hawaii residents claiming they are citizens of the Sovereign Kingdom of Hawaii); *Kupihea v. United States*, 2009 WL 2025316, at *2 (D. Haw. July 10, 2009) (dismissing complaint seeking release from prison on the basis that plaintiff is a member of the Kingdom of Hawaii); *State v. French*, 77 Haw. 222, 228, 883 P.2d 644, 649 (Haw.

App. 1994) ("[P]resently there is no factual (or legal) basis for concluding that the [Hawaiian] Kingdom exists as a state in accordance with recognized attributes of a state's sovereign nature.") (quotations omitted).

Second, judicial immunity bars Plaintiff's claims against the U.S. Magistrate Judges and/or District Judges.[1] "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Judicial immunity "is an immunity from suit, not just from the ultimate assessment of damages." *Mireless v. Waco*, 502 U.S. 9, 11 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was

---

[1] Although this court is named as a Defendant and would normally enter a mandatory recusal pursuant to 8 U.S.C. § 455(b)(5)(i), it need not recuse itself in this case -- "even when the judge is initially named in a lawsuit, where the allegations are so palpably lacking in merit and integrity, the judge may, and should remain in the case to deal with the spiteful plaintiff." *Mellow v. Sacramento County*, 2008 WL 2169447, at *3 (E.D. Cal. May 23, 2008); *United States v. Majhor*, 2010 WL 3522382, at *1 n.1 (D. Or. Sept. 3, 2010); *see also Ignacio v. Judges of U.S. Court of Appeals for Ninth Circuit*, 453 F.3d 1160, 1164-65 (9th Cir. 2006) (holding that where the plaintiff had indiscriminately sued entire the Ninth Circuit, the Ninth Circuit could nonetheless hear the case under the rule of necessity, which provides that a judge is not disqualified to try a case if the "case cannot be heard otherwise"); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks." (citation and quotation marks omitted)). Indeed, to recuse would mean that the entire District of Hawaii could not determine Plaintiff's action, and would allow Plaintiff essentially to forum shop these frivolous claims.

in excess of his authority."). Thus, Plaintiff cannot bring suit against the U.S. courts for applying the laws of the United States in Hawaii.

The court therefore DISMISSES the Complaint pursuant to Rule 12(b)(6) as legally frivolous and failing to confer jurisdiction on this court. *See Franklin*, 745 F.2d at 1227 n.6. Although the court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action," *see Lucas*, 66 F.3d at 248, there is no amendment that can save a Complaint asserted against the court based on allegations that Hawaii is not a part of the United States. Thus, this dismissal is without leave to amend.

## IV. <u>CONCLUSION</u>

For the reasons stated above, the court DISMISSES the Complaint with prejudice. The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 24, 2011.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Waialeale v. The Offices of the U.S. Magistrate(s) et al.*, Civ. No. 11-00407 JMS/RLP; Order Dismissing Complaint